50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Al David LAVERGNE, Defendant-Appellant.
 No. 94-50285.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided March 23, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 LaVergne appeals his conviction, after a jury trial, of conspiracy, wire fraud, and mail fraud for his role in the sale of oil well interests to investors. We affirm.
 
 
 4
 LaVergne's claim of Bruton error is based on the prosecutor's closing argument, not the testimony. See Bruton v. United States, 391 U.S. 123 (1968) (finding a Confrontation Clause violation when a nontestifying codefendant's confession naming the defendant as a participant in the crime was introduced at their joint trial, even though the jury was instructed to consider that confession only against the codefendant). Before the postal inspector testified to the codefendant's confession, the confession was redacted to remove all reference to LaVergne. The testimony thus gave rise to no Bruton error. Richardson v. Marsh, 481 U.S. 200, 211 (1987).
 
 
 5
 The issue arises from the following portion of the prosecutor's argument:
 
 
 6
 Recall the testimony of Inspector Kolisar toward the end of this case. Inspector Kolisar met with defendant Georges to confront him with the fact that fraud was suspected at Outre. Mr. Kolisar had all the bank records and he told defendant Georges--asked defendant Georges what happened to the money that the investors sent to Outre. And defendant Georges, faced with the knowledge that Inspector Kolisar had the bank records in hand, told Inspector Kolisar that there were two different accounts. There was a drilling account for the investors and there was a general account.
 
 
 7
 Ladies and gentlemen, Mr. Georges admitted to Mr. Kolisar in that interview that the information contained in the offering sheets was false. The special drilling account did not contain all the investor money. There was a general account as well. Ladies and gentlemen, the defendants used this general drilling account to supplement their own personal incomes and to enrich themselves personally.
 
 
 8
 It is far from obvious that the prosecutor meant or implied that Georges' admissions were proof that "the defendants" looted the drilling accounts. The implication might arguably arise from the proximity of the two arguments in the same paragraph. But the argument was oral, and the court reporter had to guess at the paragraphing. If the statement about the defendants looting the drilling accounts was meant by the prosecutor to be part of the subsequent discussion, not part of the preceding discussion, then the link to Georges' admission would disappear.
 
 
 9
 The transcript tends to support the interpretation that the comment was tied to the subsequent part of the argument. Immediately after the statement that "the defendants" (including LaVergne) looted the drilling accounts, the prosecutor began itemizing documentary evidence to show that this was true. None of this argument was tied to Georges' admissions. For example, at one point the prosecutor asked "How do you know this [about LaVergne]? Because the checks in the case show you that."
 
 
 10
 Appellant correctly argues that reversible error may arise from the prosecutor's argument, despite redaction of the codefendant's confession. United States v. Arias-Villanueva, 998 F.2d 1491, 1507 (9th Cir.), cert. denied, 114 S.Ct. 573 (1993). In the case at bar, the defense did not object when the prosecutor made the argument. We therefore review for plain error. United States v. Baker, 10 F.3d 1374, 1416 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994). The test is whether the prosecutor's violation of the court's limiting instructions was a "highly prejudicial error affecting substantial rights." Id. (citation omitted). It was not.
 
 
 11
 As our discussion above shows, we are not at all sure that the prosecutor made any inappropriate reference to the redacted confession. He certainly did not flout the court's instructions and urge the jury to do what the judge told it not to do. Cf. United States v. Sherlock, 962 F.2d 1349, 1361 (9th Cir.1989), cert. denied, 113 S.Ct. 419 (1992). Any risk that the jury might misunderstand or misuse the prosecutor's argument was cured by the court's clear admonition to the jury, after the argument, that they should not use anything Georges said against LaVergne. Cf. id. at 1362.
 
 
 12
 LaVergne also argues that the evidence presented was insufficient to sustain his conviction. We must review the record as a whole in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988).
 
 
 13
 The jury had before it evidence that LaVergne lied to the telemarketers about the oil producing capacity of the area drilled, that he purposely did not pass on geological information which showed a high likelihood of dry holes, that he stood silent while his associate made false representations, and that he looted the drilling account for personal benefit. The transcript in a number of places shows that LaVergne personally made misrepresentations to the telemarketers. For example, LaVergne misstated to the sales force that two productive wells drilled in 1948 and 1956 were located in the area in which Outre was drilling and had produced hundreds of barrels per day for years.
 
 
 14
 LaVergne's signature appeared on a variety of papers, including royalty agreements sent to investors, his endorsement of an investor's check, and his signature on a sales commission agreement with a salesperson who solicited investors under a false name. These signatures showed LaVergne's personal participation in the fraud. While a jury perhaps could have rationally drawn contrary inferences, the evidence sufficed for the conclusions it did draw.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3